(71 Misc. Rep. 6.)

CLEMENT, State Excise Com'r, v. SCHERNO et al.

(Supreme Court, Trial Term, Clinton County. February, 1911.)

ESTOPPEL (§ 83*)—EQUITABLE ESTOPPEL.

Where a surety company guaranteed the statement of an applicant for a liquor tax certificate that the premises were owned by applicant's wife, the company and applicant, in an action for breach of the condition of the liquor tax bond that the holder of the certificate would not permit the premises to become disorderly, are estopped from defending on the ground that the premises were owned by the United States, so that no liquor tax certificate could be legally issued therefor.

[Ed. Note.—For other cases, see Estoppel, Dec. Dig. § 83.*]

Action by Maynard N. Clement, Commissioner of Excise of the State of New York, against Antonio Scherno and another. Judgment for plaintiff.

John A. Smith, for plaintiff.
John E. Judge, for defendant Scherno.

H. T. KELLOGG, J. The complaint states a cause of action for the breach of a covenant contained in a liquor tax bond that the certificate holder would not suffer or permit the premises to become disorderly. The sole defense made is that the premises for which the certificate was issued formed a portion of the territory owned by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.United States, and that for such territory no certificate ·could legally be issued, and that no bond in relation to the use thereof could be enforceable.

It seems to me that the defendants are estopped from making this defense. The statement of the certificate holder was to the effect .that the premises were owned by his wife, and the defendant surety company guaranteed the truth of the statement. Both defendants, therefore, made a material statement in reliance upon the· truth of which the certificate was granted. The defendants cannot now be heard to make a claim in their own behalf that the statement so made by them was false.

Judgment for plaintiff.